IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIO DEVONNE WASHINGTON SR., DANISHIE DAVIS, and MARCELUS GOODWIN,<br><br>Plaintiffs,<br><br>vs.<br><br>BROWN, Agent, Homeland Security, and AGENT BROWNS' SUPERVISOR,<br><br>Defendants. | **8:22CV159**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff, who claims to be an Illinois resident, seeks to bring a *Bivens*[1] claim under the Fourth, Fifth, and Seventh Amendments against Agent Brown of the Department of Homeland Security and his unnamed supervisor—both who are based in Nebraska—for helping police in Galesburg, Illinois, frame Plaintiff for attempted murder by sending them evidence collected in Nebraska during a traffic stop of Plaintiff. Plaintiff alleges that police officers in Illinois shot a Russell Calhoun in the head on August 1, 2020, but then fabricated an attempted-murder charge against Plaintiff after they found Plaintiff's driver's license in Calhoun's pocket after the shooting. Plaintiff claims that Agent Brown stopped Plaintiff on the interstate near York, Nebraska, on October 13, 2021, for a "false traffic lane change in front of a

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

semi" and arrested Plaintiff on an Illinois warrant, after which the York County Sheriff took Plaintiff to the York County Jail.

Plaintiff alleges that while he was being transported to jail, Agent Brown stayed at the scene and took, without a search warrant, three cell phones, money, a wallet, a vehicle registration, and insurance papers and "took [them] home illegally." (Filing 1 at CM/ECF pp. 5-6.) Plaintiff says Agent Brown and his supervisor sent the phones to the Galesburg, Illinois, police, and Plaintiff was told to speak to the Galesburg police if he wanted his property back. Plaintiff claims that because one of the phones contained video proof of the Illinois police's murder of Russell Calhoun, Agent Brown sent the phones to the Illinois police so those officers could "avoid prosecution and/or be able to frame Plaintiff for attempted murder and other fabricated charges." (Filing 1 at CM/ECF p. 8 (capitalization & spelling corrected).) Plaintiff says Agent Brown returned the vehicle registration and insurance papers after keeping them for eight days at home, but neither Agent Brown nor his supervisor has returned the phones or money to Plaintiff.

Plaintiff wants the court to file state and federal charges against the Defendants "for their conspiracy with Illinois and for the death of Mr. Calhoun and for the fabricated attempted murder charge on Plaintiff and for the theft and tampering of exculpatory evidence." (Filing 1 at CM/ECF p. 10.) He also requests $2,000,000 in damages.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

2

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks and citations omitted). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

#### A. Proper Plaintiffs

Mario Devonne Washington, Sr., is the only Plaintiff who has signed the Complaint in this case. (Filing 1.) Federal Rule of Civil Procedure 11(a) requires that all pro se parties to a case sign every pleading, written motion, and other paper that they submit to the court. Rule 11(a) helps to ensure that pro se parties consent to the filing of documents on their behalf. *See United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *1-2 (D. Neb. Oct. 23, 2007) (discussing *Johnson v. O'Donnell*, No. 01-C-0257-C, 2001 WL 34372892 (W.D. Wis. Aug 24, 2001)). Second, it is improper for a non-lawyer to sign papers in place of, or to otherwise represent, parties other than themselves. *See id.* at *1 (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1333, at 513 & n.15 (2004)); *Litschewski v. Dooley*, No. 11-4105, 2012 WL 3023249, at *1 n.1 (D.S.D. July 24, 2012), *aff'd*, 502 Fed. Appx. 630 (8th Cir. 2013). For these reasons, the court will direct the Clerk of Court to terminate Danishie Davis and Marcelus Goodwin as Plaintiffs.

### B. Request to Prosecute

Plaintiff first wants the court to file state and federal charges against the Defendants for conspiring with Illinois police regarding the death of Mr. Calhoun, the fabricated attempted-murder charge against Plaintiff, and the theft and tampering of exculpatory evidence. However, a private plaintiff cannot force a criminal prosecution because the authority to initiate criminal charges lies only with state and federal prosecutors. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1733 (2019) (Gorsuch, J., concurring in part and dissenting in part) ("the decision whether to institute criminal charges is one our Constitution vests in state and federal executive officials"); *United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("[w]hether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion"); *Cragoe v. Maxwell*, No. CIV 11-4188, 2012 WL 462960, at *2 (D.S.D. Feb. 13, 2012) ("If [the pro se plaintiff] believes criminal charges are appropriate for whatever reason, this Court is not the proper entity to initiate those proceedings.") (collecting cases); *Blechinger v. Sioux Falls Hous. & Redevelopment Comm'n*, No. CIV. 12-4004, 2012 WL 174653, at *3 (D.S.D. Jan. 20, 2012) (neither pro se plaintiff nor the court can charge defendant with a crime because "[w]hether to prosecute and what criminal charges to file or bring are decisions that generally rest in the prosecutor's not the court's discretion") (internal quotation marks and citation omitted). Because the court does not have the authority to initiate a criminal prosecution, Plaintiff's request to bring criminal charges against the Defendants does not state a claim.

### C. Bivens Claims

Plaintiff next asserts *Bivens* claims under the Fourth, Fifth, and Seventh Amendments for the Defendants' warrantless seizure of property from his car after his traffic stop and arrest; for the Defendants' failure to return part of the seized property (money and cell phones); and for assisting Illinois police in hiding the fact that they, instead of Plaintiff, committed attempted murder by sending them

4

telephones seized from Plaintiff's Nebraska traffic stop allegedly showing the Illinois police's involvement in the murder.

Plaintiff sues the Defendants in their individual and official capacities. "A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998). Federal employees in their official capacities are considered federal agencies against which a *Bivens* action cannot be brought. *F.D.I.C. v. Meyer*, 510 U.S. 471, 473 (1994); *Buford*, 160 F.3d at 1203 (postal employee's *Bivens* claim against Postmaster General in his official capacity treated as suit against Postal Service and, therefore, could not be prosecuted because *Bivens* actions "cannot be prosecuted against the United States and its agencies because of sovereign immunity"). Therefore, Plaintiff's *Bivens* claims against the Defendants in their official capacities must be dismissed.

"On only three occasions has the Supreme Court implied a cause of action under *Bivens*." *Farah v. Weyker*, 926 F.3d 492, 497-98 (8th Cir. 2019) (citing *Carlson v. Green*, 446 U.S. 14, 16-18 (1980) (allowing Eighth Amendment claim against federal prison officials who failed to treat a prisoner's asthma); *Davis v. Passman*, 442 U.S. 228, 248 (1979) (permitting congressman's administrative assistant to sue for sex discrimination in violation of Fifth Amendment due process rights after congressman fired assistant); *Bivens*, 403 U.S. at 397 (allowing Fourth Amendment claim against federal agents for illegal arrest, strip search, and search of apartment without warrant)). The Supreme Court has recently reminded us that recognizing new *Bivens* claims "is a disfavored judicial activity" and "for almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*." *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) (internal quotation marks and citations omitted); *see also Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017) (same).

5

Even if the court assumes that Plaintiff's warrantless-seizure-of-property claim under the Fourth Amendment is viable under *Bivens*, Plaintiff alleges no constitutional violation. Plaintiff's factual allegations establish that all items were seized after a traffic stop for a lane-change violation and incident to Plaintiff's arrest on an Illinois warrant. *United States v. Bragg*, No. 21-2096, slip op. at 2 (8th Cir. Aug. 15, 2022) (iPhone in car properly seized incident to lawful arrest when car was stopped for its possible involvement in a "shots-fired" incident and passenger was arrested); *United States v. Hanel*, 993 F.3d 540, 543 (8th Cir. 2021) (a traffic violation—however minor—creates probable cause to stop vehicle); *United States v. $9,230.00 in U.S. Currency*, 58 F. Supp. 3d 945, 947 (D. Neb. 2014) (Omaha, Nebraska, police officers had probable cause to stop vehicle for improper lane change); Neb. Rev. Stat. § 60-6,133(1) (Westlaw 2022) (state law regarding lane changes while passing another vehicle).

As to Plaintiff's purported Fifth Amendment claim for deprivation of property without adequate procedural protection, "the existence of alternative remedies usually precludes a court from authorizing a *Bivens* action." *Ziglar*, 137 S. Ct. at 1865. Here, Plaintiff had available to him an administrative process to recover his property from a federal agency, 31 U.S.C. § 3723 (allowing for claims of up to $1,000.00 to be presented to the agency to redress damages caused by the negligent acts of federal officer), and so no *Bivens* claim exists. *See Dalton v. Fikes*, No. 19-CV-2209, 2020 WL 6121254, at *3-4 (D. Minn. June 30, 2020), *report and recommendation adopted,* No. 19-CV-2209, 2020 WL 5105776 (D. Minn. Aug. 31, 2020), *aff'd,* No. 20-3475, 2021 WL 2201153 (8th Cir. Mar. 1, 2021) (prisoner could not bring Fifth Amendment due process claim for loss of property under *Bivens* when adequate alternative process existed, such as 31 U.S.C. § 3723).

It is not clear what cause of action Plaintiff seeks to assert under the Seventh Amendment, which guarantees the right to trial by jury. Because Plaintiff makes no allegations against any Defendant that he was tried without a jury in violation of the Seventh Amendment, Plaintiff states no claim under this amendment.

6

Finally, Plaintiff cannot recover on his claim that the phones seized in the Nebraska traffic stop were wrongly sent to Illinois police so they could hide video evidence contained on one of the phones that Illinois police, rather than Plaintiff, committed the attempted murder for which Plaintiff has allegedly been accused.[2] The court does not have the proper jurisdiction to adjudicate such a claim. The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), directs that federal courts must not interfere with, or intervene in, ongoing criminal proceedings in state court. Absent extraordinary circumstances, this court must abstain from exercising jurisdiction over any civil action that challenges Plaintiff's apparently ongoing criminal proceedings. *See Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011) ("The *Younger* abstention doctrine derives from notions of federalism and comity. *Younger* itself held that, absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions."). Plaintiff has alleged no such extraordinary circumstances in his Complaint. Thus, the court will not interfere with, or intervene in, his ongoing criminal proceedings.[3]

## D. State-Law Claims

Plaintiff also alleges diversity jurisdiction, but does not articulate what, if any, state-law claims he seeks to assert. Under 28 U.S.C. § 1332, "district courts . . . have

---

[2] *See Brady v. Maryland,* 373 U.S. 83, 87 (1963) (due process violated if prosecution suppresses evidence that is favorable to defendant and material to guilt or punishment).

[3] Plaintiff may at some time have a cause of action under 42 U.S.C. § 1983 against the Illinois police officers who allegedly have custody of Plaintiff's telephones for failure to disclose exculpatory evidence in bad faith. *Helmig v. Fowler*, 828 F.3d 755, 760 (8th Cir. 2016) (§ 1983 liability for *Brady* violation extends to law-enforcement officers' failure to disclose exculpatory evidence to prosecutor or defense if done intentionally or in bad faith). However, such a *Brady* claim would not be cognizable unless there has first been a conviction. *Gardner v. Franklin*, No. 4:21-CV-3145, 2022 WL 1751388, at *9 (D. Neb. May 31, 2022).

7

original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." "A complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017) (cleaned up).

Here, Plaintiff—a resident of Illinois—demands $2,000,000 in damages for actions by Defendants—residents of Nebraska—that resulted in Plaintiff being deprived of "money" and three telephones. Because Plaintiff makes no allegations indicating how much money was seized or how much the telephones were worth, the court has little confidence in Plaintiff's claim that the value of this controversy exceeds $75,000, as required for diversity jurisdiction. Therefore, the court will give Plaintiff leave to amend his Complaint in order to allege sufficient facts to establish diversity of citizenship and satisfaction of the jurisdictional amount. *Knight v. Chatelain*, No. 8:19CV206, 2019 WL 2464789, at *7 (D. Neb. June 13, 2019) (on initial review, requiring pro se, in forma pauperis plaintiff to file amended complaint to allege facts and attach supporting documents showing that amount in controversy exceeded $75,000.00, as required for diversity of citizenship jurisdiction), *aff'd*, 798 F. App'x 971 (8th Cir. 2020); *Swift v. Walmart*, No. 8:15CV300, 2016 WL 1050263, at *2 (D. Neb. Mar. 16, 2016) (on initial review, requiring plaintiff to show by a preponderance of the evidence that the amount claimed as damages was legitimate, and that the court had subject-matter jurisdiction).

Plaintiff's amended complaint should also articulate clear and complete factual allegations corresponding to any state-law claims he intends to assert. *Hyde v. United States,* 85 Fed. Cl. 354, 357 (Fed. Cl. Ct. 2008) ("there is no duty for a court to create any claims that are not spelled out in Plaintiff's [pro se] pleading"); *Thompson v. Ferguson Police Dep't*, No. 4:19CV2308, 2019 WL 3766807, at *2 (E.D. Mo. Aug. 8, 2019) ("Although the Court is to give plaintiff's complaint the

8

benefit of a liberal construction, the Court will not . . . construct claims."); *Garcia v. Cole*, 428 F. Supp. 3d 644, 650 (D.N.M. 2019) ("A court is not obligated to craft legal theories for the [pro se] plaintiff or to supply factual allegations to support the plaintiff's claims.").

## IV. CONCLUSION

Plaintiff's request to bring criminal charges against the Defendants does not state a claim, nor does Plaintiff assert *Bivens* claims under the Fourth, Fifth, and Seventh Amendments. Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), the court must abstain from exercising jurisdiction over Plaintiff's claim that the phones seized in the Nebraska traffic stop were wrongly sent to Illinois police so they could hide video evidence contained on one of the phones. As to any state-law claims Plaintiff intends to assert, the court will grant Plaintiff leave to file an amended complaint properly invoking the court's "diversity of citizenship" jurisdiction. If an amended complaint is filed within 30 days, the court will then conduct another initial review pursuant to 28 U.S.C. § 1915(e)(2). But if an amended complaint is not filed within 30 days, this action will be dismissed without further notice.

IT IS ORDERED:

1. Plaintiff's federal claims are dismissed without prejudice because (a) Plaintiff's request to bring criminal charges against the Defendants does not state a claim; (b) Plaintiff does not state *Bivens* claims under the Fourth, Fifth, and Seventh Amendments; and (c) pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), the court must abstain from exercising jurisdiction over Plaintiff's claim that the phones seized in the Nebraska traffic stop were wrongly sent to Illinois police so they could hide video evidence contained on one of the phones.

2. On the court's own motion, Plaintiff shall have 30 days in which to file an amended complaint that properly invokes the court's "diversity of citizenship" jurisdiction and that states a claim upon which relief may be granted. In such amended complaint, Plaintiff shall make every effort to identify Defendant Agent

Browns' Supervisor by name, as service of process (if warranted in the future) cannot be made upon unnamed defendants. Failure to file an amended complaint within 30 days will result in the court dismissing the case without further notice to Plaintiff.

3. The Clerk of Court is directed to set the following pro se case management deadline in this case—September 22, 2022: amended complaint due.

4. The Clerk of Court is directed to terminate the following individuals as plaintiffs: Danishie Davis and Marcelus Goodwin. The Clerk of Court is directed to update the court's records to reflect that Mario Devonne Washington, Sr., is the sole plaintiff in this case.

DATED this 23rd day of August, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge