IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIO DEVONNE WASHINGTON SR., <br><br> Plaintiff, <br><br> vs. <br><br> KOREY GOPLIN, Deputy, #9177, Individual and Official capacity; JEFFREY BROWN, Sgt., #4171, Individual and Official capacity; DUSTIN CULLEN, Deputy, #9173, Individual and Official capacity; and PAUL M. VRBKA, Sheriff, Individual and Official capacity; <br><br> Defendants. | 8:22CV159 <br><br><br> **MEMORANDUM AND ORDER** |

On November 10, 2022, the Court issued a Memorandum and Order, Filing No. 11, after initial review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e)(2), finding that Plaintiff's Amended Complaint states a plausible Fourth Amendment claim regarding the traffic stop, search of his vehicle, and seizure of items found in his vehicle and on Plaintiff's person. The Court granted Plaintiff thirty days to file a Second Amended Complaint to allege plausible 42 U.S.C. § 1983 claims against Defendants in their official capacities and, as to the Defendants in their individual capacities, a Fourteenth Amendment claim related to Plaintiff's conditions of confinement, a Fourteenth Amendment equal-protection claim, and a conspiracy claim. *Id.* at 13. Specifically, Plaintiff was warned that "[f]ailure to file a Second Amended Complaint within the time

specified by the court will result in the court ordering service of process on the Defendants in their individual capacities as to Plaintiff's Fourth Amendment claim regarding the traffic stop, search of Plaintiff's vehicle, and seizure of items found in the vehicle and on Plaintiff's person." *Id.* at 13–14.

As of the date of this Memorandum and Order, Plaintiff has failed to file a Second Amended Complaint. Accordingly, this matter shall proceed only as to Plaintiff's Fourth Amendment claim regarding the traffic stop, search of his vehicle, and seizure of items found in his vehicle and on Plaintiff's person against the Defendants, in their individual capacities.

IT IS THEREFORE ORDERED:

1. Plaintiff's 42 U.S.C. § 1983 claims against all Defendants in their official capacities are dismissed without prejudice for failure to state a claim upon which relief can be granted, and as to all Defendants in their individual capacities, Plaintiff's Fourteenth Amendment claim related to Plaintiff's conditions of confinement, his Fourteenth Amendment equal-protection claim, and his conspiracy claim are dismissed without prejudice for failure to state a claim upon which relief can be granted.

2. For service of process on Defendants Korey Goplin, Jeffrey Brown, Dustin Cullen, and Paul M. Vrbka in their individual capacities, the Clerk of the Court is directed to complete a summons form and a USM-285 form for each Defendant using the address "York County Sheriffs' Department, 510 North Lincoln, York, NE 68467" and forward the completed forms together with a copy of the Amended Complaint, Filing No. 8, a copy of the Court's November 10, 2022, Memorandum and Order, Filing No. 11, and a copy of this Memorandum and Order to the Marshals Service. The Marshals Service shall serve

the Defendants in their individual capacities at the York County Sheriffs' Department, 510 North Lincoln, York, NE 68467 by certified mail or any other method authorized by the Federal Rules of Civil Procedure. See Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

     3.     The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[1]

     4.     Federal Rule of Civil Procedure 4(m) requires service of the Complaint on a defendant within 90 days of filing the Complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline of: **April 19, 2023:** check for completion of service.

Dated this 19th day of January, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." See *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).